# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE:  Ricky Leonard Beard,**

                        **Debtor.**

Bankr. Case No. 6:08-bk-11343-ABB
Adv. Pro. No. 6:09-ap-28-ABB

_____/

**LARRY GREGORY and RITA GREGORY,**

           **Appellants,**

**-vs-**                                              **Case No.  6:11-cv-722-Orl-31DAB**

**RICKY LEONARD BEARD,**

           **Appellee.**

_____/

## ORDER

The Appellants, Larry and Rita Gregory, appeal an order of the Bankruptcy Court (Doc. 1-2) in this Chapter 7 case, finding that the Debtor, Ricky Beard, was entitled to a discharge, and that a debt he owed to the Appellants was dischargeable.  In resolving this appeal, the Court has reviewed the Appellants' Brief (Doc. 13), the Appellee's Brief (Doc. 14), and the Appellants' Reply Brief (Doc. 15).

**I.  Standard of Review**

In an appeal of a decision of the Bankruptcy Court, this Court sits as an appellate court. When reviewing the Bankruptcy Court's findings of fact, this Court applies the clearly erroneous standard.  *In re Williamson*, 15 F.3d 1037, 1038 (11th Cir. 1994).  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on review of the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Lightner v. Lohn*, 274 B.R. 545, 548 (M.D. Fla. 2002).  The burden of showing clear error falls on the party seeking to overturn the Bankruptcy Court's findings.  *In re Caribbean K Line, Ltd.*, 288 B.R. 908, 911 (S.D. Fla. 2002).

This Court reviews the Bankruptcy Court's conclusions of law under a de novo standard. *Williamson*, 15 F.3d at 1038.  Under de novo review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court.  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001).

## II. Analysis

The Appellants raise three issues on appeal.  The first is whether the Bankruptcy Court clearly erred in finding that "Beard was a credible person and had not committed false oaths." (Doc. 13 at 7).  This sort of credibility determination is clearly the province of the trial judge, who is in the best position by far to scrutinize the witness's demeanor and tone of voice and to determine, for example, that the Debtor was telling the truth when he testified that the contents of his home were owned, for the most part, by his wife.  (Doc. 1-2 at 13).  The factual issues raised by the Appellants are mostly irrelevancies or of minimal import, such as the Debtor's initial failure to declare an asset that was exempt from his creditors' claims (such as real estate held as a tenancy by the entireties with his wife) or was otherwise worthless (such as a debt owed to him by a defunct business).  Having reviewed the Appellants' contentions, the Court finds that Debtor's missteps are not enough to undermine the Bankruptcy Court's finding as to his credibility.

The Appellants also argue that the Bankruptcy Court erred by failing to deny Beard a discharge under 11 U.S.C. § 727(a)(3) for failing to preserve books and records.  However, the

Bankruptcy Court was within its discretion to believe the Debtor's testimony regarding missing records and to find that he had met his obligation by producing all available records. Along the same lines, the Bankruptcy Court's determination that the Appellants had failed to show that their debt should be exempted from discharge under 11 U.S.C. § 523(a)(2)(B) was well within its discretion. The determination as to whether Beard was individually liable to the Appellants came down to a credibility determination, as there were no documents produced to establish the existence of such liability. Even assuming that Beard was individually liable to the Appellants for the purchase price of the business, several of the elements of the Appellants' claim required credibility determinations. The questions of whether the financial statement was materially false, whether the Appellants relied on that financial statement, and whether the financial statement was made with an intent to deceive all required credibility determinations to answer, and the Bankruptcy Court was within its discretion to credit the Debtor's testimony.

Any other issues raised by the Appellants do not warrant discussion.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the order of the Bankruptcy Court is **AFFIRMED**, and the appeal is **DISMISSED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 7, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party